IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TWAUNDA FLIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No 3:20-cv-382 |
| v. | ) |
| | ) Division |
| SYNCHRONY FINANCIAL d/b/a | ) |
| SYNCHRONY BANK | ) |
| | ) |
| Serve at: | ) |
| | ) |
| Corporation Trust Company | ) |
| 1209 Orange Street | ) |
| City of Wilmington, Delaware 19801 | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**COMPLAINT**

COMES NOW Twaunda Flie ("Plaintiff"), by and through her undersigned counsel, and asserts this cause of action under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") against Synchrony Financial d/b/a Synchrony Bank ("Defendant"), and in support thereof states to the Court as follows:

**INTRODUCTION**

1. EFTA provides a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic banking and its primary objective is: "the provision of individual consumer rights." 15 U.S.C. § 1693b.

2. As described herein, Defendant violated EFTA when it made an unauthorized transfer from Plaintiff's checking account, despite Plaintiff not providing Defendant with authorization to take this amount.

## JURISDICTION

3. This Court has federal question jurisdiction of this EFTA matter under 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331 because this is a "civil action arising under the.. Laws… of the United States." Defendant's unauthorized funds transfers occurred in St. Clair County, Illinois, where Plaintiff is a resident, located within the Southern District of Illinois. Plaintiff suffered the harms described herein in this District. Venue is also proper in this District for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Shiloh, Illinois. Plaintiff is an "individual" as defined by 47 U.S.C. § 153(39) and a "consumer" as defined by 15 U.S.C. § 1693a.

5. Defendant is a foreign entity with its principal place of business outside of Illinois; Defendant operates at least one corporate office in the State of Illinois and has accounts with numerous Illinois consumers.

6. This Court has jurisdiction over Plaintiff's EFTA claims pursuant to 15 U.S.C. § 1693m(g). Plaintiff's suffered the harms described herein, including the loss of her money, in Illinois. Venue is also proper in the Southern District of Illinois for this reason.

## FACTS

### Plaintiff Obtains a Loan from Defendant

7. In December of 2018, Plaintiff opened a JCPenney/Synchrony Bank credit card account with Defendant.

8. As part of opening her account with Defendant, Plaintiff provided her checking account information so that she could make payments easily once she authorized a transfer.

9.  However, Plaintiff did not authorize Defendant to make automatic monthly withdrawals. Plaintiff wanted to make sure there were always sufficient funds before she made a payment and therefore did not want Defendant to be able to take the payments automatically.

10. Defendant only ever received authorization to take one months payment at a time and in an amount set by Plaintiff. Defendant had no ongoing authorization to take payments in later months or to take payments in amounts not authorized by Plaintiff.

### Defendant's Illicit Electronic Debits

11. On October 16, 2019, Plaintiff called Defendant to authorize a payment in the amount of $20.93 towards the balance owed for her JCPenney Credit Card account with Defendant.

12. After that one-time authorization by Plaintiff, Defendant should not have made any further electronic debits of Plaintiff's account.

13. However, Defendant withdrew the amount of $20.93 twice on October 16, 2019.

14. Defendant was well aware that Plaintiff had given an authorization for only one payment and Defendant had made two payments nonetheless.

15. Defendant could not waive Plaintiff's EFTA rights and collect after Plaintiff had given a one-time consent to have her account electronically debited for a specific amount.

16. Upon information and belief, prior to making this unauthorized debit, Defendant failed to provide any notice to Plaintiff notwithstanding the mandate of Section 1693c(b).

17. Defendant's actions have caused Plaintiff to suffer actual damages including, but not limited to: lost funds, stress, anxiety, fees, and other damages.

### COUNT I: VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

18. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

19. Defendant has committed violations of the EFTA, 15 U.S.C. § 1693 *et seq.*, including, but not limited to, the following:

   a. Failing to provide Plaintiff with a copy of any writing Defendant would use to electronically debit funds from Plaintiff's checking account, 15 U.S.C. § 1693c(a);

   b. Failing to provide Plaintiff with any advance notice of the electronic debit that occurred on October 16, 2019, 15 U.S.C. § 1693c(b);

   c. Making at least one unauthorized electronic funds transfer from Plaintiff to Defendant; 15 § 1693e; and

   d. Forcing Plaintiff into a credit card agreement that constituted a waiver of multiple rights otherwise conferred upon Plaintiff by EFTA, 15 U.S.C. § 1693l.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for:

   A. Actual and statutory damages pursuant to 15 U.S.C. § 1693m(a);

   B. The costs of the action, together with attorney's fees, pursuant to 15 U.S.C. § 1693m(a); and

   C. For such other relief as the Court may deem just and proper.

## COUNT II: UNJUST ENRICHMENT

20. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

21. Plaintiff conferred a benefit upon Defendant when Defendant took and received monies from Plaintiff's checking account in 2019.

22. Defendant's enrichment occurred at Plaintiff's expense and caused Plaintiff to

suffer damages as set forth above.

23. Defendant's enrichment was unjust because Plaintiff revoked authorization for Defendant to make electronic debits from Plaintiff's checking account prior to Defendant making the unauthorized debit of her checking account.

24. Defendant's enrichment was unjust because Defendant failed to provide notice to Plaintiff as to when it was going to take money from her checking account or as to the amount of money it would take.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for:

A. Actual damages including all consequential loss;

B. The costs of the action; and

C. For such other relief as the Court may deem just and proper.

## COUNT III: CONVERSION

55. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

56. Plaintiff never provided Defendant with authorization to make an additional transfer of money from Plaintiff to Defendant following the one-time authorization on October 16, 2019.

57. Defendant took Plaintiff's funds despite having no authorization to do so.

58. Plaintiff has been injured because she has been deprived of the use of the money Defendant wrongfully took from Plaintiff's account.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for:

A. Actual damages including all consequential loss;

B. The costs of the action; and

C. For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.

_____
Richard A. Voytas, Jr., #6279483
rick@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorney for Plaintiff