## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Twaunda Flie,

                Plaintiff,

v.

Synchrony Financial *dba* Synchrony Bank,

                Defendant.

Civil Action No.: 3:20-cv-000382

## DEFENDANT SYNCHRONY BANK'S ANSWER
## TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1.      EFTA provides a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic banking and its primary objective is: "the provision of individual consumer rights." 15 U.S.C. § 1693b.

**Response: The allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Synchrony denies the allegations.**

2.      As described herein, Defendant violated EFTA when it made an unauthorized transfer from Plaintiff's checking account, despite Plaintiff not providing Defendant with authorization to take this amount.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on this basis, Synchrony denies the allegations. Synchrony specifically denies that it violated the Electronic Funds Transfer Act ("EFTA").**

## JURISDICTION

3.	This Court has federal question jurisdiction of this EFTA matter under 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331 because this is a "civil action arising under the.. Laws… of the United States." Defendant's unauthorized funds transfers occurred in St. Clair County, Illinois, where Plaintiff is a resident, located within the Southern District of Illinois. Plaintiff suffered the harms described herein in this District. Venue is also proper in this District for this reason.

**Response: The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Synchrony denies the allegations. Further, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and on this basis, Synchrony denies the allegations. Synchrony specifically denies that Plaintiff suffered harm attributable to any act or omission of Synchrony.**

## PARTIES

4.	Plaintiff is a natural person currently residing in Shiloh, Illinois. Plaintiff is an "individual" as defined by 47 U.S.C. § 153(39) and a "consumer" as defined by 15 U.S.C. § 1693a.

**Response: The allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Synchrony denies the allegations. Further, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on this basis, Synchrony denies the allegations.**

5. Defendant is a foreign entity with its principal place of business outside of Illinois; Defendant operates at least one corporate office in the State of Illinois and has accounts with numerous Illinois consumers.

**Response: The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Synchrony denies the allegations. Synchrony admits only that it is a federally charted savings association, headquartered in Draper, Utah.**

6. This Court has jurisdiction over Plaintiff's EFTA claims pursuant to 15 U.S.C. § 1693m(g). Plaintiff's suffered the harms described herein, including the loss of her money, in Illinois. Venue is also proper in the Southern District of Illinois for this reason.

**Response: The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Synchrony denies the allegations.**

## FACTS

### Plaintiff Obtains a Loan from Defendant

7. In December of 2018, Plaintiff opened a JCPenney/Synchrony Bank credit card account with Defendant.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7, and on this basis, Synchrony denies the allegations.**

8.	As part of opening her account with Defendant, Plaintiff provided her checking account information so that she could make payments easily once she authorized a transfer.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8, and on this basis, Synchrony denies the allegations.**

9.	However, Plaintiff did not authorize Defendant to make automatic monthly withdrawals. Plaintiff wanted to make sure there were always sufficient funds before she made a payment and therefore did not want Defendant to be able to take the payments automatically.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9, and on this basis, Synchrony denies the allegations.**

10.	Defendant only ever received authorization to take one months payment at a time and in an amount set by Plaintiff. Defendant had no ongoing authorization to take payments in later months or to take payments in amounts not authorized by Plaintiff.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10, and on this basis, Synchrony denies the allegations.**

**Defendant's Illicit Electronic Debits**

11.	On October 16, 2019, Plaintiff called Defendant to authorize a payment in the amount of $20.93 towards the balance owed for her JCPenney Credit Card account with Defendant.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11, and on this basis, Synchrony denies the allegations.**

12.     After that one-time authorization by Plaintiff, Defendant should not have made any further electronic debits of Plaintiff's account.

**Response: The allegations contained in paragraph 12 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Synchrony denies the allegations.**

13.     However, Defendant withdrew the amount of $20.93 twice on October 16, 2019.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13, and on this basis, Synchrony denies the allegations.**

14.     Defendant was well aware that Plaintiff had given an authorization for only one payment and Defendant had made two payments nonetheless.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14, and on this basis, Synchrony denies the allegations.**

15.     Defendant could not waive Plaintiff's EFTA rights and collect after Plaintiff had given a one-time consent to have her account electronically debited for a specific amount.

**Response: The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Synchrony denies the allegations.**

16.     Upon information and belief, prior to making this unauthorized debit, Defendant failed to provide any notice to Plaintiff notwithstanding the mandate of Section 1693c(b).

**Response: The allegations contained in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Synchrony denies the allegations.**

17.     Defendant's actions have caused Plaintiff to suffer actual damages including, but not limited to: lost funds, stress, anxiety, fees, and other damages.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 17, and on this basis, Synchrony denies the allegations.**

## COUNT I: VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

18.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**Response: Synchrony incorporates its responses to the above paragraphs as though fully set forth herein.**

19.     Defendant has committed violations of the EFTA, 15 U.S.C. § 1693 et seq., including, but not limited to, the following:

a.      Failing to provide Plaintiff with a copy of any writing Defendant would use to electronically debit funds from Plaintiff's checking account, 15 U.S.C. § 1693c(a);

b.      Failing to provide Plaintiff with any advance notice of the electronic debit that occurred on October 16, 2019, 15 U.S.C. § 1693c(b);

c.      Making at least one unauthorized electronic funds transfer from Plaintiff to Defendant; 15 § 1693e; and

d.      Forcing Plaintiff into a credit card agreement that constituted a waiver of multiple rights otherwise conferred upon Plaintiff by EFTA, 15 U.S.C. § 1693l.

**Response: The allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Synchrony denies the allegations.  Synchrony specifically denies that it violated the EFTA.**


## COUNT II: UNJUST ENRICHMENT

20.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

**Response: Synchrony incorporates its responses to the above paragraphs as though fully set forth herein.**



21.     Plaintiff conferred a benefit upon Defendant when Defendant took and received monies from Plaintiff's checking account in 2019.

**Response: The allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Synchrony denies the allegations.**

22.     Defendant's enrichment occurred at Plaintiff's expense and caused Plaintiff to suffer damages as set forth above.

**Response: The allegations contained in paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Synchrony denies the allegations.**

23.     Defendant's enrichment was unjust because Plaintiff revoked authorization for Defendant to make electronic debits from Plaintiff's checking account prior to Defendant making the unauthorized debit of her checking account.

**Response: The allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Synchrony denies the allegations.**

24.     Defendant's enrichment was unjust because Defendant failed to provide notice to Plaintiff as to when it was going to take money from her checking account or as to the amount of money it would take.

**Response: The allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Synchrony denies the allegations.**

## COUNT III: CONVERSION

55.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.[1]

**Response: Synchrony incorporates its responses to the above paragraphs as though fully set forth herein.**

56.     Plaintiff never provided Defendant with authorization to make an additional transfer of money from Plaintiff to Defendant following the one-time authorization on October 16, 2019.

**Response: Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 56, and on this basis, Synchrony denies the allegations.**

57.     Defendant took Plaintiff's funds despite having no authorization to do so.

**Response: The allegations contained in paragraph 57 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Synchrony denies the allegations.**

58.     Plaintiff has been injured because she has been deprived of the use of the money Defendant wrongfully took from Plaintiff's account.

---

[1] The Complaint omits paragraphs 25 through 54.

**Response:** The allegations contained in paragraph 58 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Synchrony denies the allegations.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim against Synchrony upon which relief may be granted.

2.    Any claim by Plaintiff for actual damages is barred as Plaintiff has not suffered any actual damages as a result of any conduct by this Defendant.

3.    Any losses or damages allegedly sustained by the Plaintiff are de minimis and not compensable.

4.    Plaintiff's EFTA claim is barred by 15 U.S.C. § 1693m(d).

5.    Synchrony acted at all times in good faith and pursuant to reasonable procedures intended to comply with the EFTA in accordance with 15 U.S.C. § 1693m(c).

6.    Plaintiff's EFTA claim is barred by 15 U.S.C. § 1693h(b).

7.    Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations and/or the doctrines of estoppel, waiver, unclean hands and laches.

8.    Plaintiff's claims may be barred in whole or in part because Plaintiff consented to any conduct alleged in the Complaint.

9.    To the extent that Plaintiff may have or will suffer any damages as alleged in the Complaint, which Synchrony denies, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons or entities other than Synchrony, over whom Synchrony had no control, and for whose conduct Synchrony is not responsible, which bars or diminishes any recovery by Plaintiff against Synchrony.

10.     Any recovery by Plaintiff should be offset by amounts that Plaintiff owes to Synchrony on the subject, unpaid debts.

11.     Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

12.     Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing.

13.     Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

14.     Plaintiff's claims are barred, in whole or in part, by set-off and/or recoupment.

15.     Plaintiff's claims are barred, in whole or in part, by payment, release and/or accord and satisfaction.

16.     The Plaintiff's claims may be barred, in whole or in part, by the provisions of the contractual agreements, if any, between the parties.

17.     The Plaintiff has ratified or consented to the actions and conduct of Synchrony.

18.     Synchrony met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Synchrony.

19.     Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account, and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

20.     Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE**, Synchrony respectfully requests the dismissal of the Complaint with prejudice and awarding costs of suit, including attorneys' fees and costs, and all other relief that this Court may deem just and equitable.

Dated:  June 18, 2020                                   Respectfully submitted,

                                                  By: /s/ Christopher R. Murphy
                                                      Christopher R. Murphy (IL SBN 6302607)
                                                      Email: crmurphy@reedsmith.com
                                                      REED SMITH LLP
                                                      10 South Wacker Drive
                                                      40th Floor
                                                      Chicago, IL 60606-7507
                                                      Telephone: +1 312 207 1000
                                                      Facsimile: +1 312 207 6400

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF filing system, which will serve it on the following counsel of record:

Richard A Voytas, Jr.
Ross & Voytas, LLC
1244 Powerscourt Drive
Suite 370
Saint Louis, MO 63131

*Attorney for Plaintiff Twaunda Flie*

Respectfully submitted,

By: /s/ Christopher R. Murphy
Christopher R. Murphy